*STARK.*
*March, 1818.*

Barnes
*v.*
Shinneberger
& Shorb,
Adm'rs, &c.

---

## BARNES vs. SHINNEBERGER & SHORB, ADM'RS OF LOUTZENHEISER, DEC'D.

Surety in a bond may recover in equity of the administrator of the principal, what he has been compelled to pay since the death of the principal.

IN CHANCERY—DEMURRER TO PETITION.

*[The substance of the petition is stated in the opinion of the Court.]*

GOODENOW.—"In support of the demurrer, one point alone is deemed sufficient, and that is the only one relied upon—that the obligation mentioned in the bill, is joint and the surviving obligor only liable. 3 Bec. ab. title *obligation*, D. 5. 7 Ditto—B. —3 Vesey, Jun. 399; 2 Vesey, sen. 106; 2 Burr. 1190."

HALLOCK, contra.—"The question in this case is, whether Loutzenheiser's administrators, upon the facts stated in the Bill, are liable, *in equity*, to refund to Barnes what he has been obliged to pay as security for Holman and Loutzenheiser. It may be well, in the first place, to inquire whether they are liable, at law; for, if liable at law, they are not liable in equity. It is a general rule of law, that when a security pays money for a principal, he may have an action for money paid, &c. Will this action lie? It will not, because Loutzenheiser dying before the Bond had been paid, his representatives were *by law* discharged. The right of action on the Bond, which the state of Pennsylvania had, survived, *at law*, against the other obligors. Neither did the state have

STARK.
March, 1818.
——
Barnes
v.
Shinneberger
& Shorb,
Adm'rs, &c.

any claim against Loutzenheiser's ˙representatives, *in equity*, because the other obligors were solvent. It follows, then, that the money paid by Barnes on the Bond, since the death of Loutzenheiser, was not paid for the use of Loutzenheiser's Administrators, but for the use of the other principal in the Bond, against whom the claim had survived. It is also a principle of law, that when one person becomes security for another, a contract of indemnity is implied from the principal to the security—and it is in this form alone, that the security can recover damages for his costs and expenses, aside from the payment of the original debt. See 2 Chit. 88, note g, and the authorities there cited. Apply that principle to the case in question, to determine whether Barnes has an action *at law*, against Loutzenheiser's representatives, on the contract of indemnity. The moment that Barnes became security for Loutzenheiser and Holman, the principals in the Bond, a joint contract was raised from Loutzenheiser and Holman to Barnes, to indemnify him against all loss in consequence of his going security. This contract being joint upon Loutzenheiser's death, survived against Holman, and the representatives of the former were discharged at law. If these principals be correct, Barnes has no remedy *at law*, to recover what he has paid, from the representatives of Loutzenheiser. His remedy, if any, must then be in equity. It is contended, on the part of Barnes, that the joint contract, from Loutzenheiser & Holman to Barnes, to indemnify him, although not existing at law, exists in equity under the circumstances stated in the Bill. Holman is insolvent, and gone to parts unknown. Nothing can be obtained from him, Loutzenheiser's administrators have property sufficient in their hands, besides paying all other demands against the estate. The principles of natural justice certainly require, that Loutzenheiser's estate should pay the money, rather than Barnes. The reason, why at law, the representatives are discharged, seems to be, that the surviving obligor and the representatives of the deceased one, cannot be joined in a suit, the one being liable in his own right, the others in their representative character only. This technical rule of law, has reference only to the remedy. If the surviving obligor be of sufficient ability, and pay the debt, the representatives of the deceased one are under the same liability to him as their intestate would have been, had he lived. Suppose the principal in a joint contract die, and the security survive. The obligee loses his remedy against the representatives of the deceased. But if the obligee

collect the debt from the survivor, the survivor, being a security, may recover it from the representatives of the deceased. Is there any sound reason why the representatives should be discharged entirely, merely because the survivor is not able to advance the money? The same reasoning will apply where both the obligors are principals, as far as regards the rights of the obligee or contractee—which is the case in question. Loutzenheiser and Holman entered into a joint contract with Barnes, to indemnify him. Barnes' remedy against Loutzenheiser or his estate is gone—but if Barnes would recover against Holman, Holman could recover against the representatives of Loutzenheiser, their proportion. If it be conceded that the circumstance of Holman's insolvency will not discharge Loutzenheiser's representatives from paying what they would have been obliged to pay, had Holman remained solvent, and paid Barnes—ought not the principle to be extended so far, that the security should lose nothing, as long as either of the principals or their representatives are able to pay? The authorities cited below are in favor of the plaintiff's claim—1 Chit. 37 ; 1 Caine's Cases in error, 121; 2d Washington 136."

STARK.
March, 1818.

Barnes
v.
Shinneberger
& Shorb,
Adm'rs, &c.

PRESIDENT.—The petition sets forth, that on the 17th day of December, 1803, the deceased, together with one Martin Holman, were appointed administrators on the estate of one Samuel Harnet, then late of Beaver county, in the commonwealth of Pennsylvania, deceased, and that, on the same day, the petitioner, Barnes, one Jacob Stough, Loutzenheiser and Holman, executed their joint bond for three hundred dollars, payable to the Commonwealth of Pennsylvania, conditioned, that if the said Loutzenheiser and Holman should make, or cause to be made, a true and just account of their administration, at or before the 17th day of December next, ensuing the date of the bond before the Orphans' court of the county of Beaver, then the said obligation to be void, &c., that Barnes and Stough were securities for the others, although the bond was in form a joint one—that Loutzenheiser and Holman wholly neglected to comply with the condition of the bond, but embezzled the property belonging to the estate of Harnet, and that the bond became forfeited to the Commonwealth of Pennsylvania, for the benefit of the heirs of Harnet; that after the bond became forfeited, some time in the year 1808, Holman became insolvent, and went off to parts unknown; that in 1810, Loutzenheiser died in the county of Stark, and that administration was granted on his estate to the defendants; that in 1811, a suit was commenced on

STARK.
March, 1818.

Barnes
v.
Shinneberger
& Shorb,
Adm'rs, &c.

said bond for the use and benefit of the heirs of Harnet, against the petitioner, on which such proceedings were had, as that judgment was recovered against him, and he was obliged to pay three hundred and twenty-three dollars, and nine cents, debt and costs. The petition further states, that the defendants, as administrators of Loutzenheiser have in their hands both real and personal property, more than sufficient to satisfy the claim of Barnes, that he is entitled in equity to be paid, and indemnified out of Loutzenheiser's property, and that the defendants refuse to pay him : it then prays relief, &c.

To this petition, the defendants demur generally, and contend in support of the demurrer, that as the bond is a joint one, the surviving obligor is alone liable ; and this is undoubtedly a correct position at law, and the complainant is without remedy in a common law court, but the question will be : Has he a right for which he may have remedy in chancery, although he cannot have at law ?

I say, although he cannot have at law, for it seems that when a surety pays money for his principal, he can recover the amount in an action for money paid, laid out and expended—but when, as in this case, the surety has not been called upon to pay, until after the death of the principal, I doubt much whether he could sustain such action against administrators, because the money would not be claimed as paid to the use of a man, who at the time of payment had deceased, and on no other ground would the administrators, as such, be liable.

There can be no doubt that the law implies a contract by the principal to indemnify his security ; and where there are several principals, I would construe such contract most beneficially for the sureties as a joint and several one on the part of the principals—and were Loutzenheiser living, and a defendant instead of his administrators, the demurrer would be clearly sustainable, because the plaintiff would have a complete and adequate remedy at law.

The facts stated in the petition must be taken to be true on this demurrer, and so taking them, the complainant has been compelled to pay the penalty of the bond, and some costs, as security for Loutzenheiser ; he is most clearly entitled to an indemnity now, " where there is no remedy at law, at all, equity will certainly grant one." " Courts of equity not suffering a right to be without a remedy, interpose in all cases in which the right is clear, but from the want of particular evidence, &c. unavailable at law." 1st Fonb. 144, and note f— and " equity will enforce payment of debts, on simple contract, if the

executor has assets, though the executor is not liable by common law." 2 Com. Dig. 483—for " a court of equity will decree *any* contract that ought, in foro conscientia, to be carried specifically into execution."—2d Pow. Cont. 10.

I have therefore no doubt but that the bill presents a case in which the complainant is entitled to relief.    Demurrer overruled.